### DEVINE v. BUFFALO, R. & P. RY. CO.

(Circuit Court of Appeals, Third Circuit. December 6, 1918.)

#### No. 2398.

COMMERCE ⊚═27(5)—LIABILITY FOR INJURY TO SERVANT—SAFETY APPLIANCE ACT.

An employé of an interstate railroad company, whose injury was caused by the failure of the company to comply with the requirements of Safety Appliance Act March 2, 1893, § 2 (Comp. St. 1916, § 8606), as to automatic couplers, may recover therefor, although not himself employed in interstate commerce.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by Albert L. Devine against the Buffalo, Rochester & Pittsburgh Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John G. Whitmore, of Ridgway, Pa., and Stone, Wright & Chalfant, of Pittsburgh, Pa., for plaintiff in error.

Anderson, Mathews & Wall, of Youngstown, Ohio, and Prichard & Trent, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

PER CURIAM. In the court below Devine brought suit against the Buffalo, Rochester & Pittsburgh Railway Company to recover for damages sustained by him while working as a brakeman on a train on its road. He recovered a verdict, and on entry of judgment thereon the railway company sued out this writ.

From the plaintiff's statement it appears the defendant's road extends from Pittsburgh, Pa., to Buffalo, N. Y., and the ground of action was that the railway had failed to comply with the federal Safety Appliance Act (Act March 2, 1893, c. 196, § 2, 27 Stat. 531 [Comp. St. 1916, § 8606]), in that the couplers between which the plaintiff was injured "would not at said time couple with each other automatically upon impact, without the necessity of employés of defendant going between the ends thereof to render personal assistance." The said road being itself a highway of interstate commerce generally, and the negligence charged being a failure on its part to comply with the federal Safety Act, it follows that, if the plaintiff sustained his charge of the defendant's statutory negligence, and that his injury was caused by such negligence, he was entitled to recover, even if he was not himself engaged in interstate commerce when he was injured. Railroad v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874. Such being the case, the proof

---

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

given by the plaintiff that he was engaged in interstate commerce when injured—the competency of which is here questioned—becomes a matter of no moment. The verdict and the judgment thereon would have been justified, had there been no such proof.

Further complaint is made that there was no such proof of the plaintiff's earning power as warranted the submission of that question to the jury. We have examined the record, and we find proof of the plaintiff's earning capacity and actual earnings before the accident. That proof of his earning capacity after the accident was not given was because the defendant objected to such proof, and it cannot now be heard, in the face of the court sustaining such objection, to urge as error that such proof was not furnished.

The judgment below is affirmed.